UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v.<br><br>1. OSCAR PATINO<br>a/k/a OSCAR PATINO-BUENO<br>and<br>2. CLAUDIA NAVARRO,<br>a/k/a CLAUDIA<br>    NAVARRO-MONTERO,<br>       Defendants. | **03**CR**10331**RGS<br>CRIMINAL NO.<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1956(h)<br>Conspiracy to Commit Money<br>Laundering<br><br>18 U.S.C. § 1957 -<br>Engaging in Monetary Transactions<br>in Property Derived from Specified<br>Unlawful Activity<br><br>31 U.S.C. § 5324 -<br>Structuring<br><br>18 U.S.C. § 2 -<br>Aiding And Abetting<br><br>18 U.S.C. § 982 -<br>Money Laundering Forfeiture<br><br>31 U.S.C § 5317(c) -<br>Structuring Forfeiture |

SEALED

INDICTMENT

COUNT ONE
(18 U.S.C. §§ 1956(h) --
Conspiracy to Commit Money Laundering)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about August 2000, and continuing thereafter until at least April 2003, in Dracut, Weston, Lowell, Waltham, and Billerica, in the District of Massachusetts, in New York, in Florida, and in Cali, Colombia, and elsewhere,

1. OSCAR PATINO,
   a/k/a OSCAR PATINO-BUENO and

2. CLAUDIA NAVARRO,
   a/k/a CLAUDIA NAVARRO-MONTERO,

the defendants herein, did unlawfully and knowingly combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

(a) to engage in financial transactions affecting interstate commerce and foreign commerce, knowing that the property involved represented the proceeds from some form of unlawful activity, that is, the distribution of controlled substances, and knowing that the transactions were designed, in whole or in part, (i) to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of this specified unlawful activity and (ii) to avoid a transaction reporting requirement under State or federal law, in violation of 18 U.S.C. § 1956(a)(1); and (b) knowingly to engage in monetary transactions, affecting interstate commerce and foreign commerce, in criminally derived property that was of a value greater than $10,000 in violation of 18 U.S.C. 1957.

### Manner and Means of the Conspiracy

1.   It was part of the conspiracy that defendants **OSCAR**

2

**PATINO** and **CLAUDIA NAVARRO** engaged in financial transactions involving the deposit of cash proceeds and money orders, which involved the proceeds of a specified unlawful activity, into bank accounts, including the following two bank accounts in the District of Massachusetts, to conceal or disguise the nature and source of the proceeds of illegal activity:

    Sovereign Bank
    Account #30900001923
    USCL Inc.
    75 C Street
    Dracut, MA 01826 (hereinafter and for purposes of the
    entire Indictment the "USCL Account")

    Sovereign Bank
    Account #3090015598 (originally Fleet Bank Account
    #9405284110)
    Claudia Navarro-Montero
    D/B/A Universal De Suministros
    552 North Avenue
    Weston, MA 02493 (hereinafter and for purposes of the
    entire Indictment the "Navarro Account")

a. The UCSL Account and the Navarro Account were both opened as joint accounts by defendants **OSCAR PATINO** and **CLAUDIA NAVARRO**.

b. At all times relevant to the Indictment, the USCL Account and the Navarro Account were joint accounts over which only defendants **OSCAR PATINO** and **CLAUDIA NAVARRO** had signature authority.

c. At all times relevant to the indictment, **OSCAR PATINO** resided at 75 C Street in Dracut, Massachusetts and worked at 552 North Avenue in Weston, Massachusetts.

3

d. At all times relevant to the Indictment, defendant CLAUDIA NAVARRO was doing business as Universal De Suministros.

e. At all times relevant to the Indictment, Sovereign Bank was a domestic financial institution within the meaning of Title 31, United States Code, Section 5313(a).

2.  It was part of the conspiracy that defendants OSCAR PATINO and CLAUDIA NAVARRO arranged for or caused funds to be wire transferred into the USCL Account and the Navarro Account to further conceal or disguise the nature and source of the unlawful proceeds.

3.  It was part of the conspiracy that defendants OSCAR PATINO and CLAUDIA NAVARRO engaged in financial transactions involving the purchase of goods for third-party Colombian businesses or individuals, involving the transfer of funds by check or wire from the USCL Account and the Navarro Account to further conceal or disguise the nature and source of the unlawful proceeds.

3.  It was part of the conspiracy that defendants OSCAR PATINO and CLAUDIA NAVARRO engaged in monetary transactions in criminally derived property that was of a value greater than $10,000.

4.  It was part of the conspiracy that on or about May 28, 2001, CLAUDIA NAVARRO in Cali, Colombia sent an email to OSCAR PATINO in the District of Massachusetts.  In this email, CLAUDIA

4

NAVARRO instructed **OSCAR PATINO** to pick up $100,000 in cash from a man in Miami, Florida.

   a. On or about May 30 and May 31, 2001, **OSCAR PATINO** flew from Boston, Massachusetts to Miami, Florida and collected at least $80,000 cash from a contact employed at General Express Services. **OSCAR PATINO** then flew back to Boston, Massachusetts with this cash.

   b. In the May 28, 2001 email, **CLAUDIA NAVARRO** also instructed **OSCAR PATINO** to have the cash put into the USCL Account.

   c. On or about the following dates, defendant **OSCAR PATINO** structured at least $89,000 cash into the following Sovereign Bank accounts, by breaking down this sum of cash into amounts below $10,000, and by depositing these smaller amounts of cash at Sovereign Bank branches, in the District of Massachusetts, as follows:

| Date | Amount | Branch of Deposit | Account |
|---|---|---|---|
| a. May 31, 2001 | $9,000 | Dracut | USCL |
| b. May 31, 2001 | $9,000 | Lowell City Hall | USCL |
| c. May 31, 2001 | $9,000 | Lowell Merrimack Street | USCL |
| d. May 31, 2001 | $9,000 | Lowell Wood Street | USCL |
| e. May 31, 2001 | $9,000 | Chelmsford Center | USCL |
| f. May 31, 2001 | $9,000 | Billerica | USCL |
| g. June 1, 2001 | $9,000 | Moody Street Waltham | USCL |

5

| h. June 1, 2001 | $9,000 | Weston | USCL |
| i. June 4, 2001 | $9,000 | Center Street Weston | NAVARRO |
| j. June 4, 2001 | $8,000 | Moody Street Waltham | NAVARRO |

d.    In the May 28, 2001 email, **CLAUDIA NAVARRO** also instructed **OSCAR PATINO** to wire transfer $63,491.10 of this deposited cash to Juki Union Special, Inc.

e.    On or about June 1, 2001, **OSCAR PATINO** wire transferred $63,446.10 of the cash he deposited into the USCL Account on behalf of Juki Union Special Account, to account number 210-004-687, at the Bank of Toyko Mitsubishi Trust in New York.

5.    It was part of the conspiracy that in addition to the $9,000 and $8,000 cash deposits **OSCAR PATINO** made on June 4, 2001, he also deposited a check for $3,000 into the NAVARRO account on June 6, 2001 (totaling $20,000 for the period).  On or about June 6, 2001, **CLAUDIA NAVARRO** wrote out and signed four (4) sequential checks out of the NAVARRO account, each check in the amount of $5,000 (totaling $20,000), each check payable to the same person, Antonio Jose Isaacs.  These four checks were then cashed and deposited all on the next day, June 7, 2001.

6.    It was part of the conspiracy that on or about the following dates, at **CLAUDIA NAVARRO's** direction, **OSCAR PATINO** received large bundles of money orders via delivery companies,

6

from sender individuals unknown to him.  For example, on or about
August 27, 2001, **NAVARRO** emailed **PATINO** stating that she wanted
him to collect the other $20 (meaning $20,000).  As set forth
below, on or about August 29, 2001, PATINO collected and
deposited $20,000 in money orders.  **OSCAR PATINO** deposited the
following money orders into Sovereign Bank accounts, in the
District of Massachusetts, as follows:

| Date | Amount | Account |
|------|--------|---------|
| a. August 15, 2000 | $3,900 | NAVARRO |
| b. August 15, 2000 | $9,300 | NAVARRO |
| c. August 15, 2000 | $9,850 | NAVARRO |
| d. August 16, 2000 | $9,550 | USCL |
| e. March 2, 2001 | $4,000 | USCL |
| f. March 8, 2001 | $5,000 | USCL |
| g. March 19, 2001 | $5,000 | NAVARRO |
| h. March 19, 2001 | $5,000 | USCL |
| i. April 23, 2001 | $2,663.15 | NAVARRO |
| j. April 23, 2001 | $8,147.02 | USCL |
| k. April 23, 2001 | $9,190.62 | USCL |
| l. June 18, 2001 | $3,000 | USCL |
| m. June 18, 2001 | $12,000 | USCL |
| n. July 19, 2001 | $20,000 | USCL |
| o. August 13, 2001 | $20,000 | USCL |
| p. August 29, 2001 | $20,000 | USCL |

| q. September 19, 2001 | $25,000 | USCL |
| r. October 4, 2001 | $10,000 | USCL |
| s. November 20, 2001 | $10,000 | USCL |
| t. December 5, 2001 | $10,000 | USCL |

7.    It was part of the conspiracy that at **CLAUDIA NAVARRO's** direction, **OSCAR PATINO** received checks from individuals unknown to him to deposit into the USCL account.  For example, on or about October 18, 2001, **NAVARRO** emailed **PATINO** instructing him that he will be receiving, via DHL, American bank checks in the amount of $27,000.00 dollars and that she will send PATINO the letter of instruction to direct all the money they can to Juki. On or about October 19, 2001, PATINO collected and deposited eight bank checks totaling $27,000,00 dollars, into the USCL account.

All in violation of Title 18, United States Code, Section 1956(h).

8

## COUNTS TWO THROUGH SIX
### (18 U.S.C. §§ 1957--Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about the following dates, in the District of Massachusetts, and in Cali, Colombia, and elsewhere,

> 1. OSCAR PATINO,
>    a/k/a OSCAR PATINO-BUENO and
>
> 2. CLAUDIA NAVARRO,
>    a/k/a CLAUDIA NAVARRO-MONTERO,

the defendants herein, did knowingly and intentionally engage in monetary transactions by through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of the following amounts of money orders, such property having been derived from a specified unlawful activity, that is, narcotics trafficking, into the Sovereign Bank account, USCL #30900001923, a joint account of **OSCAR PATINO** and **CLAUDIA NAVARRO** in the District of Massachusetts:

| Count | Date | Amount |
|-------|------|--------|
| 2 | June 18, 2001 | $12,000 |
| 3 | July 19, 2001 | $20,000 |
| 4 | August 13, 2001 | $20,000 |
| 5 | August 29, 2001 | $20,000 |
| 6 | September 19, 2001 | $25,000 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

COUNT SEVEN
(31 U.S.C. § 5324--Structuring Currency Transactions)

The Grand Jury further charges that:

On or about the following dates, in Dracut, Weston, Lowell, Waltham, Chelmsford, and Billerica in the District of Massachusetts, and elsewhere,

OSCAR PATINO,
a/k/a OSCAR PATINO-BUENO

a defendant herein, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) with respect to such transactions, did knowingly and intentionally structure or assist in structuring, the following transactions, affecting interstate commerce and foreign commerce, with Sovereign Bank, a domestic financial institution, by causing United States currency to be deposited in amounts of less than $10,000 into the USCL Account at the following Sovereign Bank branches:

| Date | Amount | Branch of Deposit |
|------|--------|-------------------|
| a. May 31, 2001 | $9,000 | Dracut |
| b. May 31, 2001 | $9,000 | Lowell City Hall |
| c. May 31, 2001 | $9,000 | Lowell Merrimack Street |
| d. May 31, 2001 | $9,000 | Lowell Wood Street |
| e. May 31, 2001 | $9,000 | Chelmsford Center |
| f. May 31, 2001 | $9,000 | Billerica |
| g. June 1, 2001 | $9,000 | Moody Street, Waltham |

11

h. June 1, 2001        $9,000        Weston

i. June 4, 2001        $9,000        Center Street Weston

j. June 4, 2001        $8,000        Moody Street Waltham

The Grand Jury further alleges that the structuring crime alleged herein occurred while the defendant was violating one or more other laws of the United States (to wit: the violations of law alleged in Counts One through Six of this Indictment), and was committed as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, in violation of Title 31, United States Code, Section 5324(d)(2).

All in violation of Title 31, United States Code, Sections 5324(a)(3) & (d)(2) and Title 18, United States Code, Section 2.

## 18 USC § 982--MONEY LAUNDERING FORFEITURE ALLEGATION

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One through Six, charging violations of Title 18, United States Code, Sections 1956(a)(1) and (h) and Section 1957,

> 1. OSCAR PATINO,
>    a/k/a OSCAR PATINO-BUENO and
>
> 2. CLAUDIA NAVARRO,
>    a/k/a CLAUDIA NAVARRO-MONTERO,

defendants herein, if convicted, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), the following property:

A) All right, title, and interest in any and all property, real or personal, involved in each offense in violation of Title 18, United States Code, Section 1956(a)(1) and (h), or Section 1957, for which that defendant is convicted, and all property traceable to such property, including, but not limited to: i) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 and 1957; ii) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and iii) all property used in any manner or part to commit or to facilitate the commission of those violations;

B) A sum of money equal to the total amount of money

13

involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2.    If any of the forfeitable properties, as described in paragraph 1, above, as a result of any act or omission of any defendant --

      (A)    cannot be located upon the exercise of due diligence;

      (B)    have been transferred or sold to, or deposited with, a third person;

      (C)    have been placed beyond the jurisdiction of the Court;

      (D)    have been substantially diminished in value; or

      (E)    have been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §853(p), incorporated by 18 U.S.C. §982(b)(1) and (2), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1, above

All in violation of Title 18, United States Code, Section 982(a)(1).

**31 U.S.C §5317(c)--STRUCTURING FORFEITURE ALLEGATION**

The Grand Jury further charges that:

1.   As a result of the offense alleged in Count Seven, charging a violation of Title 31, United States Code, Section 5324,

**OSCAR PATINO,**
**a/k/a OSCAR PATINO-BUENO**

a defendant herein, if convicted, shall forfeit to the United States, pursuant to 31 U.S.C. §5317(c), all property, real or personal, involved in the offenses and any property traceable thereto.

2.   If any of the forfeitable property, as described in paragraph 1, above, as a result of any act or omission of the defendant --

   (A)   cannot be located upon the exercise of due diligence;

   (B)   have been transferred or sold to, or deposited with, a third person;

   (C)   have been placed beyond the jurisdiction of the Court;

   (D)   have been substantially diminished in value; or

   (E)   have been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §853(p), incorporated by 31 U.S.C. 5317(c), to seek forfeiture of

15

any other property of the defendants up to the value of the
property described in paragraph 1, above

All in violation of Title 31, United States Code, Section
5317.

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

CYNTHIA W. LIE
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; OCTOBER 23, 2003.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

10/23/03
@ 3:05pm.

17

Navarro and her attorney, but remain sealed as to the public to preserve the continuing investigation.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    _____
CYNTHIA W. LIE
Assistant U.S. Attorney

Dated: October 23, 2003